# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOAN HEFFINGTON, *Individually and* *On Behalf of Major Jack G. Farr,* *U.S.A.F., deceased,* | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-4081-RDR |
| DEPARTMENT OF DEFENSE OF THE UNITED STATES, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court upon the motion (Doc. 6) of plaintiff, Joan Heffington, an individual representing herself in this matter, for recusal of the undersigned magistrate judge from "this matter in its entirety in the interest of justice and fairness." (Doc. 6). Defendants have neither entered their appearance in this case nor filed an answer. For the reasons set forth below, plaintiff's motion shall be denied and the undersigned will continue to supervise the pretrial activities in this case.

## I.    Procedural History

Plaintiff filed her complaint (Doc. 1) along with her motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) and accompanying financial affidavit (Doc. 3) on July 27, 2006. Based on plaintiff's motion (Doc. 1) and financial affidavit (Doc. 2), this court denied plaintiff's motion to proceed *in forma pauperis* on August 2, 2006. (Doc. 4).

-1-

## II.    Plaintiff's Arguments for Recusal

Plaintiff filed this Motion to Recuse (Doc. 6) on August 11, 2006.  Plaintiff contends that the undersigned should recuse because he "is married to defendant Governor Kathleen Sebelius (Complaint, Fact #64)."[1]  Plaintiff then concludes: "[i]t is a conflict of interest to have a judge rule in a case in which his wife is a named defendant."[2]  Plaintiff further argues that the undersigned "also intervened in plaintiff's previous related cases (Complaint, Fact #68),[3] but later recused himself.  Since a conflict of interest was apparent to him even before this filing, is this not contempt?"[4]

## III.   Standard for Recusal

The circumstances and grounds for recusal of a federal magistrate judge are set out in 28 U.S.C. § 455.  The court finds the concerns expressed by plaintiff fall most directly within the ambit of 28 U.S.C. § 455(b)(5), which addresses circumstances for recusal based upon a judge's marital relationship and § 455(a), which addresses circumstances where a judge's impartiality

---

[1]*See* Motion to Recuse (Doc. 6).  Plaintiff's Complaint "Fact #64" referenced in this motion (Doc. 6) provides:

> Attorney General Kline, Governor Kathleen Sebelius, D.A. Nola Foulston and Congressman Todd Tiahrt were involved in the cover-up of a previous law suit filed by Mrs. Heffington in 2001 that went all the way to the United State Supreme Court -who refused to hear here case.  Mrs. Heffington was forced to represent herself because these parties influenced numerous attorneys not to take her case . . . causing her sever emotional distress and health problems.

(Doc. 1).

[2]*Id.*

[3] *See* Complaint (Doc. 1)("Fact #68" provides: "[i]n March 2005, Mrs. Heffington filed a lawsuit in federal court over the frivolous charges the defendants had brought against her son, G.M. (Case. No. 05-4028SAC).").

[4]*See* Motion to Recuse (Doc. 6).

can reasonably be questioned.

      **a.      Application of 42 U.S.C. § 455(b)(5)**

In order for the undersigned's marital relationship to provide a basis for recusal under the statute, the undersigned's spouse would have to be a "party to the proceeding, or an officer, director, or trustee of a party; . . . acting as a lawyer in the proceeding; . . . known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; . . . [or known by the judge to be] likely to be a material witness in the proceeding."[5]

Contrary to Plaintiff's assertion in her Motion to Recuse (Doc. 6), plaintiff's complaint does not name the undersigned's spouse, Kathleen Sebelius, as a party in this action, either personally or in her official capacity as governor.[6]  Therefore, she is not an officer, director, or trustee of any named party.  Moreover, she is not acting as a lawyer in this proceeding and, in fact, is not a lawyer.  Finally, there is no suggestion in any of the filings in this case that she likely possesses any information regarding *this* case, or would be called as a witness.

This leaves the question of whether Kathleen Sebelius is "known by the judge to have an interest that could substantially be affected by the outcome of the proceeding."[7]  An interest that is not a direct financial interest requires recusal "only if the litigation could substantially affect it."[8]

---

[5] 42 U.S.C. § 455(b)(5).

[6] Plaintiff lists "UNITED STATES GOVERNMENT DEPARTMENT OF DEFENSE" in the caption of her Complaint as "Defendants."  (Doc. 1).  The text of Plaintiff's Complaint lists "the United States Government . . . served by and through the U.S. Attorney General, Alberto Gonzales" and "the Department of Defense" as the defendants in this case.  (Doc. 1).

[7] 42 U.S.C. § 455(b)(5)(iii).

[8] *In re New Mexico Natural Gas Antitrust Litigation*, 620 F.2d 794, 796 (10th Cir. 1980)

The court finds the undersigned's spouse has no interest that could substantially, or otherwise, be affected by the outcome of this litigation.  This case does not name the undersigned's spouse Kathleen Sebelius, as a party in this action, either personally or in her official capacity as governor.  Further, the court has extensively reviewed plaintiff's complaint[9] in the present case and Plaintiff does not name the State of Kansas or any other representative of the State of Kansas as a defendant.  Rather, plaintiff names the United States Federal Government and the Department of Defense as defendants.

Plaintiff next argues that because the undersigned recused in Case No. 05-4028-SAC, the undersigned should recuse here.[10]  However, the undersigned's previous recusal[11] in Case No. 2005-4028, differed significantly from the case at hand.  In Case No. 2005-4082-SAC, plaintiff sued the "District Court of Sedgwick County" "Nola Foulston, District Attorney for the District of Sedgwick County" and "Julia Craft-Rochat" a court-appointed attorney,[12] and not, as in this case, the United States Government and the Department of Defense.

Because the strongest possible interest identifiable on the part of the undersigned's spouse in the instant litigation requires such a degree of speculation and is so remote, the court concludes that it is too attenuated to be considered "an interest that could be substantially affected by the outcome of the proceeding" and create a basis for mandatory recusal under 28 U.S.C. § 455(b)(5)(iii).

---

[9]*See* Complaint (Doc. 1)

[10]*See* Motion to Recuse (Doc. 6).

[11]*See* Case No-2005-4028 (Doc. 24).

[12]*See* Case No-2005-4028 (Doc. 1).

**b.      Application of 28 U.S.C. § 455(a).**

The proper standard for evaluating whether a judge's impartiality might reasonably be questioned is an objective standard of "whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality."[13]  The initial inquiry in applying this objective standard asks " whether a reasonable factual basis exists for questioning the judge's impartiality."[14]  "There is as much obligation for a judge *not* to recuse himself when there is no occasion for him to do so as there is for him to do so when there is."[15]  Moreover, a litigant's feelings "which, of necessity, must be subjective, cannot without more be made the test."[16]  Finally, "adverse judicial rulings, standing alone, do not constitute a valid basis for recusal based on bias or partiality."[17]

In this instance, the only basis to question the impartiality of the undersigned is that the plaintiff may have named Kathleen Sebelius or the State of Kansas as defendants in a previously filed and now concluded suit.[18]  The court believes a reasonable person would conclude that no appearance of impropriety exists simply because the plaintiff may have named Kathleen Sebelius

---

[13] *Nichols v. Alley*, 71 F. 3d 347, 351 (10th Cir. 1995) (citations omitted.)

[14] *Id.* (citing *Untied States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)).

[15] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citations omitted)(emphasis added).

[16] *United States v. Corr*, 434 F. Supp. 408, 413 (S.D.N.Y. 1977) (quoting *Wolfson v. Palmieri*, 396 F.2d 121, 125 (2nd Cir. 1968).

[17] *Butler v. Boeing Co.*, No. 01-2433, 2002 U.S. Dist. LEXIS 14813, at * 3 (D. Kan. May 30, 2002) (citing Traylor v. Gibson, 202 F.3d 283 at *1 (10th Cir. Jan. 11, 2000)).

[18] A search of federal suits filed by plaintiff revealed only the present case, 2006-4081, and the previously referenced case, 2005-4082-SAC, neither of which name Kathleen Sebelius as a defendant.

or the State of Kansas as defendants in previous unrelated litigation.

After a review of the plaintiff's motion for recusal and the record in the case to this point, the court cannot conclude that an objective reasonable person with knowledge of all the facts would have doubts about the undersigned's ability to be impartial in his continued pretrial supervision.  Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's motion for recusal (Doc. 6) is denied.

**IT IS SO ORDERED**

Dated this 30th day of August, 2006, at Topeka, Kansas.


<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge

-6-