IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

JOAN (FARR) HEFFINGTON,
Individually and on Behalf
of Major Jack G. Farr
(U.S.A.F. Deceased),

        Plaintiff,

  vs.                               **Case No. 06-4081-RDR**

DEPARTMENT OF DEFENSE OF
THE UNITED STATES,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is presently before the court upon defendant's motion to dismiss or, in the alternative, motion for summary judgment. In its motion, the defendant contends that plaintiff's action should be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

In her complaint, plaintiff, proceeding *pro se*, seeks damages for the death of her father, who was killed in action during the Vietnam war. She brings this action on her own behalf and on behalf of her father. She has named two defendants: the United States Government and the United States Department of

Defense(DOD).[1]  She raises a variety of federal claims as well as several state law claims, but all spring from the death of her father in Vietnam in 1965.  She alleges that her father's death was caused by the intentional and fraudulent plan of the United States government to escalate the war in Vietnam.  She further alleges that the defendants intentionally and fraudulently concealed the truth about their earlier actions from her and her family.

In its motion, the defendant contends that dismissal is appropriate because:  (1) the Feres Doctrine precludes plaintiff's lawsuit; (2) the statute of limitations bars plaintiff's action; (3) the court lacks subject matter jurisdiction under the Federal Tort Claims Act (FTCA); (4) plaintiff has failed to exhaust her administrative remedies; and (5) plaintiff has failed to state a claim upon which relief can be granted.

Under Fed.R.Civ.P. 12(b)(1), a motion to dismiss may be granted if the court does not have subject matter jurisdiction over the matter.  The determination of subject matter jurisdiction is a threshold question of law.  Madsen v. United States ex. rel. United States Army Corps of Engineers, 841 F.2d 1011, 1012 (10th Cir. 1987).  "[T]he party invoking federal jurisdiction bears the burden of proof."  Marcus v. Kansas Dept. of Revenue, 170 F.3d 1305, 1309

---

[1] The United States DOD must be dismissed as a defendant.  The DOD is not a judicial entity separate from the United States.  Martinez v. Winner, 771 F.2d 424, 442 (10th Cir.), modified on other grounds, 778 F.2d 553 (1985), vacated on other grounds, 475 U.S. 1138 (1986).

(10th Cir. 1999).

Dismissal for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) is appropriate only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of [its] claims which would entitle [it] to relief," Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive, Neitzke v. Williams, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. Beedle, 422 F.3d at 1063. The issue in resolving such a motion is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quotation omitted).

Because plaintiff is a pro se litigant, the court must construe her pleadings liberally and apply a less stringent standard than that which is applicable to attorneys. Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997). But the Tenth Circuit "'has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" Garrett v. Selby, Connor, Maddux & Janner, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)). While courts "make some allowances for 'the [pro se] plaintiff's

3

failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements [,]' the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Id. (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). The court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

There are a number of reasons why dismissal of this action is appropriate. In order to reduce the length of this opinion, the court shall only focus on a few of the reasons why dismissal is proper.

The court shall begin with all claims asserted by plaintiff on behalf of her father. These claims must be dismissed because plaintiff, who is not an attorney, has no legal right to assert a claim on his behalf. See 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"); Warth v. Seldin, 422 U.S. 490, 499 (1975) ("[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third

parties.").[2]

To the extent that plaintiff has properly asserted other claims on her behalf, the court finds they are also subject to dismissal for several reasons. First, they are barred by the Feres Doctrine. See Tootle v. USDB Commandant, 390 F.3d 1280, 1281 (10th Cir. 2004) ("In Feres, the Supreme Court held that members of the military cannot bring claims against the government under the Federal Tort Claims Act where the injuries arise out of or are in the course of activity incident to service. The Feres Doctrine has since been expanded to bar claims for damages by members of the military for constitutional violations that occur in connection with their military service."). Moreover, the Feres Doctrine has been extended to claims asserted by family members of military personnel based upon injuries to service personnel. See West v. United States, 729 F.2d 1120, 1122 (7th Cir.), vacated on other grounds, 744 F.2d 1317 (7th Cir. 1984) (en banc), cert. denied, 471 U.S. 1053 (1985). In sum, the court lacks subject matter jurisdiction to consider any claims arising from the death of plaintiff's father in Vietnam while he was serving in the military.

---

[2] Even if we were to reach the claims asserted by plaintiff on behalf of her father, we would find that they are subject to dismissal for at least the following reasons: (1) barred by the Feres Doctrine, see Feres v. United States, 340 U.S. 135 (1950); (2) barred by the statute of limitations, see 28 U.S.C. § 2401(b); (3) failure to exhaust administrative remedies, see 28 U.S.C. § 2675(a); and (4) failure to state a claim upon which relief can be granted.

5

Second, plaintiff has failed to state a claim under the FTCA, 28 U.S.C. §§ 1346(b), 2679(a). The FTCA is available as a remedy for certain torts committed by the United States, but plaintiff did not seek to plead a claim under this statute, nor does it appear that she can do so now, because she has not preserved her rights by filing an administrative claim within the time limit provided.

Finally, the court must dismiss plaintiff's claims against the United States for constitutional violations because the United States has not waived its sovereign immunity for constitutional torts. Martinez, 771 F.2d at 442.[3]

With the dismissal of the federal claims, the court shall decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c); Smith v. City of Enid, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). Accordingly, plaintiff's state law claims shall be dismissed

---

[3] The court notes that plaintiff makes reference to several federal statutes in her complaint. She, however, fails to indicate in what manner these statutes were violated or how she is entitled to relief under them. The court finds that plaintiff has failed to state a claim under which relief can be granted on the statutes referenced in her complaint. The court also notes that plaintiff has indicated in her response to the defendant's motion to dismiss that she is asserting a claim under the Privacy Act of 1974, 5 U.S.C. § 522a. However, plaintiff's complaint fails to contain any reference to the Privacy Act of 1974. Accordingly, the court again finds that plaintiff has failed to state a claim upon which relief can be granted.

6

without prejudice.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. # 18) be hereby granted.  Plaintiff's complaint is dismissed in part for lack of subject matter jurisdiction and in part for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Dated this 28th day of February, 2007 at Topeka, Kansas.

>                    s/Richard D. Rogers
>                    United States District Judge